**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR MANUEL MORALES MORALES, <br><br> Petitioner, <br><br> v. <br><br> CHRISTOPHER J. LAROSE, Senior Warde, Otay Mesa Detention Center; PATRICK DIVVER, Field Office Director, San Diego Office of Detention and Removal, U.S. Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; and KRISTI NOEM, Secretary, U.S. Department of Homeland Security. <br><br> Respondents. | Case No.: 25cv3859 DMS BJW <br><br> **ORDER GRANTING PETITION** |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a response in opposition to the Petition, and Petitioner filed traverse. After considering the parties' briefs, the relevant legal authority and record, the Court grants the Petition.

Petitioner Victor Manual Morales Morales is a citizen of Mexico who entered the United States in 2003. (Pet. ¶ 1.) On August 13, 2020, Petitioner was convicted of distribution and possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and sentenced to 72 months in prison. (Decl. of Hugo Lara Ramirez in Supp. of Resp. ("Ramirez Decl."), ¶ 4.) On March 2, 2023, Petitioner was issued a Final Administrative Removal Order based on his conviction ordering his removal to Mexico. (Ramirez Decl., Ex. 1.) Subsequently, Petitioner was provided with a reasonable fear interview, which resulted in a positive finding. (Ramirez Decl. ¶ 6.) Petitioner was then placed in withholding only proceedings. (*Id.*) On August 30, 2023, an immigration judge granted deferral of removal to Mexico under the Convention Against Torture ("CAT"). (*Id.* ¶ 7.) On September 26, 2023, Petitioner was released from immigration custody on an order of supervision. (*Id.*) On October 23, 2025, Immigration and Customs Enforcement ("ICE") enrolled Petitioner in the Alternatives to Detention program. (*Id.* ¶ 8.) On December 19, 2025, Petitioner was re-detained by ICE at one of his regular check-ins. (*Id.* ¶ 9.) On that date, he was provided with a Notice of Revocation of Release and an informal interview. (Ramirez Decl. ¶ 9, Ex. 3.)

On December 31, 2025, Petitioner filed the present case seeking release from custody or a bond hearing, among other things. Petitioner raises three due process claims, three claims under the Administrative Procedures Act ("APA"), and one claim for violation of his Fourth Amendment rights. Respondents argue the Court lacks jurisdiction to consider this case,[1] Petitioner is properly detained under 8 U.S.C. § 1231(a), and they are in the process of trying to find a third country that will accept Petitioner upon his removal.

---

[1] In several previous decisions, this Court has rejected Respondents' jurisdiction argument. *See Medina-Ortiz v. Noem*, No. 25-cv-2819-DMS-MMP, ECF No. 7; *Vasquez Garcia v. Noem*, No. 25-cv-02180-DMS-MMP, 2025 WL 2549431, at *3–4 (S.D. Cal. Sept. 3, 2025). Respondents offer no argument or authority warranting departure from the Court's previous orders, and thus the Court stands on its previous decisions rejecting this argument.

25cv3859 DMS BJW

In support of both his due process and APA claims, Petitioner argues his re-detention was arbitrary and capricious because Respondents failed to identify any changed circumstances justifying his re-detention.  Courts considering this argument have found that the failure to identify or explain the changed circumstances underlying re-detention is both a violation of due process, *Lesic v. LaRose*, No. 25CV2746-LL-BJW, 2025 WL 3158675, at *3 (S.D. Cal. Nov. 12, 2025); *Sanchez v. LaRose*, No. 25-CV-2396-JES-MMP, 2025 WL 2770629, at *4 (S.D. Cal. Sept. 26, 2025), and a violation of the APA.  *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1147 (D. Or. 2025) (finding government's failure to explain "changed circumstances" underlying re-detention was arbitrary and capricious and therefore a violation of the APA).  Here, Respondents stated in their Notice of Revocation of Release that their decision to revoke Petitioner's release was "based on a review of your official alien file and a determination that there are changed circumstances in your case."  (Ramirez Decl., Ex. 3.)  However, the Notice fails to identify or explain what those changed circumstances are.  And, there is no evidence in the record that Petitioner engaged in any conduct evidencing danger to the community or flight risk.

Respondents do not address these arguments or authority.  Instead, they argue Petitioner is properly detained under 8 U.S.C. § 1231(a), and they are in the process of trying to find a third country to accept Petitioner upon his removal.  Section 1231(a) sets out a 90-day removal period in which the government may detain an individual with a final order of removal.  8 U.S.C. § 1231(a).  This removal period "begins on the latest of three dates: (1) the date the order of removal becomes 'administratively final,' (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement."  *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C.§ 1231(a)(1)(B)).  In this case, the latest of these three dates is when Petitioner's removal order became "administratively final," which was March 2, 2023.  Clearly, it has been more than 90 days since then, and thus § 1231(a) does not justify Petitioner's present detention.

Respondents' only other argument is Petitioner's detention is justified by their efforts to find a third country willing to accept Petitioner upon his removal. To support this argument, Respondents state they have "worked as expeditiously as possible to identify a third country to which Petitioner may be removed." (Ramirez Decl. ¶ 10.) Despite those efforts, however, as of January 13, 2026, "ICE is still in the process of identifying third countries that may be willing to accept Petitioner for removal." (*Id.* ¶ 11.) In a previous case, *RK v. Casey*, Case No. 25cv1926 DMS (DEB), ECF No. 33 at 2, this Court found this kind of evidence insufficient to show there was a significant likelihood the petitioner would be removed in the reasonably foreseeable future. Other courts have reached the same conclusion. *Sargsyan v. Noem*, No. 25-CV-3857 JLS (JLB), 2026 WL 92044, at *3 (S.D. Cal. Jan. 13, 2026); *Sun v. Noem*, No. 3:25-CV-02433-CAB-MMP, 2025 WL 2800037, at *3 (S.D. Cal. Sept. 30, 2025) (collecting cases). Thus, this argument does not justify Petitioner's continued re-detention.

Absent any argument from Respondents that there are changed circumstances justifying Petitioner's re-detention, the Court grants the Petition, and orders Respondents to release Petitioner forthwith, and subject to the terms of his previous release. *See N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *7-8 (D. Ore. Dec. 9, 2025) (granting petition and ordering petitioner's release where respondents failed to contest merits); *F.B. v. Noem*, No. CV-25-04271-PHX-JJT (JZB), 2025 WL 3628652, at *1-2 (D. Ariz. Dec. 4, 2025) (similar). The parties shall file a status report on or before **January 29, 2026**, indicating whether Petitioner has been released.

**IT IS SO ORDERED**.

Dated: January 22, 2026

Hon. Dana M. Sabraw
United States District Judge

4

25cv3859 DMS BJW